UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15-CV-209-TBR


DEVRON WADLINGTON,                                                          PETITIONER

v.

AARON SMITH,                                                                RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon motion from Petitioner Devron Wadlington ("Petitioner") seeking relief under Federal Rule of Civil Procedure 60(b). [DN 35.] Respondent Aaron Smith ("Respondent") has responded, [DN 36], and the time has passed for a reply. For the following reasons, four of Petitioner's Rule 60(b) claims will be **DENIED** and three of his claims will be transferred to the Sixth Circuit Court of Appeals as second or successive § 2254 claims.

## I. BACKGROUND

Petitioner was convicted of wanton murder in Trigg County, Kentucky Circuit Court. The following factual summary is taken from the Kentucky Court of Appeals' first opinion in Petitioner's case:

> Wadlington and a codefendant, George Kelly Mayes, were indicted and jointly tried for the murder of LaWarren O'Keith Sims. Sims was shot and killed in a crowded altercation outside Henry's Place, a nightclub in Trigg County. The evidence presented at trial revealed that no eyewitness positively identified Sims's shooter, and the bullet that killed Sims was never found. Eyewitnesses testified to seeing Mayes pull a gun from his waistband when confronted by Anthony Wilson, a patron of Henry's Place. Other eyewitnesses testified to seeing Mayes and Wadlington shooting guns into a crowd or into the air. Another witness testified that she saw Wadlington holding a 9mm gun during the altercation.
> James Rodell Acree testified that he drove Mayes, Wadlington, and others to Henry's Place. Following the altercation, Acree drove Mayes and Wadlington to Cadiz. He testified that Mayes fired shots from the car window while leaving the scene. Also while in the car, Acree overheard Mayes ask Wadlington, "did

you hit him?" Acree helped Mayes clean out his car, in which they found a Budweiser box which contained a bullet. They threw the box and bullet into a field. Billy Alexander testified that he found a handgun near his home after Mayes had stopped by. Alexander threw the gun into a field near his house.

Acree and Alexander eventually led police to the field which contained the Budweiser box, a .45 handgun with a bullet in the chamber, a .45 bullet, and a 9mm handgun that was wrapped in a black t-shirt and mask under the seat of an abandoned vehicle. Police also searched the area around Henry's Place and found .45 shell casings and a 9mm casing nearby. An FBI weapons expert testified that the .45 shell casings recovered came from the .45 gun found by the police, but that the 9mm shell casing did not come from the recovered 9mm gun.

Counsel for Wadlington cross-examined both Acree and Alexander regarding their status as convicted felons, their incomplete statements to police, their expectations of getting favorable treatment in return for their cooperation, and Acree's admission to being high on the night of the shooting. No proof was introduced for Wadlington at the close of the Commonwealth's case. The trial court instructed the jury to decide whether Mayes and Wadlington were guilty, either individually or acting in complicity with the other, of murdering Sims; of wanton murder; or of a lesser degree of homicide. The jury convicted both of wanton murder.

*Wadlington v. Commonwealth*, No. 2011-ca-001260-MR, 2013 WL 1003490, at *1 (Ky. Ct. App. Mar. 15, 2013) (*Wadlington II*). The Kentucky Supreme Court affirmed Petitioner's conviction on direct appeal. *Wadlington v. Commonwealth*, No. 2006-SC-000640-MR, 2008 WL 1003490 (Ky. Oct. 23, 2008) (*Wadlington I*).

After a lengthy procedural history in the Kentucky state court system, Petitioner filed a 28 U.S.C. § 2254 petition with this Court. It was referred to a Magistrate Judge for findings of fact, conclusions of law, and a recommendation. The Magistrate Judge recommended that Petitioner's petition be denied in its entirety. This Court adopted the Magistrate Judge's recommendation, overruled Petitioner's two objections thereto, and dismissed his petition. [*See* DN 23, 24.] Now, Petitioner has filed a Motion for relief under Federal Rule of Civil Procedure 60(b).

## II. DISCUSSION

The first determination the Court must make is whether Petitioner's Rule 60(b) motion is actually a motion under that rule, or whether, practically speaking, it is a second or successive petition for a writ of habeus corpus pursuant to 28 U.S.C. § 2254. *See Gonzalez v. Crosby*, 545 U.S. 524, 526 (2005). If a Rule 60(b) motion is determined to be a second or successive petition, the Court "would apply 28 U.S.C. § 2244(b), which presents a bar to the motion." *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2012) (citing *Gonzalez*, 545 U.S. at 531). Before district courts may consider second or successive petitions under § 2254, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Supreme Court in *Gonzalez* explained that of crucial import to the issue of whether a motion should be considered "second or successive" is the question of whether the motion presents a "claim." *Id.* at 530. A claim "is an asserted federal basis for relief from a state court's judgment of conviction." *Id.* Thus, "[w]hen no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeus corpus application." *Id.* at 533.

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, . . .will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532.

In the present action, Petitioner's Rule 60(b) motion *does* add new grounds for relief from the Trigg County, Kentucky state court's conviction. Although his motion argues that he "is attacking the defects in the integrity of the decision making process during the habeus proceedings, and is not raising new grounds," [DN 35, at 2], the mere recitation of this language does not render it factual. Indicative of this is the section of Petitioner's Motion wherein he lays out precisely what he is challenging:

> [T]his petition challenges the procedural ruling that precluded a full merits determination on the issues brought in the petition for a Writ of Habeus Corpus which included the following issues;
> 1. Trial counsel was ineffective in the following areas
> (a) Failing to file pretrial motion to suppress evidence
> (b) Failing to request a directed verdict on sufficiency of the evidence
> (c) Failing to preserve issue of directed verdict for direct appeal
> (d) Failed along with Appellate counsel to raise instruction on murder, leading to implied acquittal favorable to petitioner by finding him guilty of wanton murder under instruction because indictment charged either individually or in complicity with another,
> (e) Appellate counsel failed to raise ineffective trial counsel with respect to pretrial motions,
> (f) Post-Conviction counsel was ineffective in not raising trial counsel ineffectiveness and issues regarding pretrial motions,
> (g) Post-Conviction counsel failed to bring issues in CR 60.02 or contact witnesses in RCr 11.42 proceedings.

[DN 35, at 2-3.] Issues 1(a)-(c) were already examined and analyzed by the Magistrate Judge assigned to Petitioner's initial § 2254 petition, [*See* DN 21], and therefore will be denied.

To the extent that the claims in 1(d)-(g) have not been litigated yet, the Court views them as, in substance, a second or successive habeus petition. As explained by the Supreme Court in *Gonzalez*, "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. *Gonzalez*, 545 U.S. at 531 (citing 28 U.S. §

2244(b)(2)). Thus, claims (1)(d)-(g) are not properly before this Court and must be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Lastly, to the extent that Petitioner argues in his instant Motion that "[t]he integrity of the decisions [made with regards to his habeus petition] are suspect," merely reciting this language does not actually mean that Petitioner is properly challenging the integrity of the habeus proceedings. As noted above, the claims Petitioner brings in this Rule 60(b) motion relate to his state court conviction. The only reference Petitioner makes to the "integrity" of the habeus proceedings is with respect to this Court's consideration of his objections to the Magistrate Judge's report and recommendation. After the Magistrate Judge filed his report and recommendation that Petitioner's petition be denied, Petitioner lodged two objections. [*See* DN 22.] Specifically, he objected to the Magistrate Judge's determination "that the trial court's admission of the 9mm handgun [did] not require the Court to grant his petition. Particularly, he maintain[ed] that his trial counsel was ineffective in failing to object to the weapon's admission into evidence, and that the trial court's decision to admit the gun deprived Petitioner of a fair trial." [DN 23, at 6.] This Court denied Petitioner's claims for relief on these two issues. These were the only two issues the Court considered because these were the only two objections Petitioner lodged with the Court. Petitioner argues for this Court "to make a determination on the issues of whether the magistrate made unfounded determinations with respect to the [o]bjections made by the petitioner when [o]bjecting to the Report and Recommendation with respect to all issues. The Magistrate Judge claimed only two objections were made." [DN 35, at 2.]

As an initial matter, it should be noted that it was this Court, and not the Magistrate Judge, which identified only two objections from Petitioner. [*See* DN 23.] Irrespective of this

fact, though, it remains clear that Petitioner only objected to the above-referenced issues relating to the introduction of the 9mm handgun at his trial. Indeed, in his filing of objections, he did not mention once the issue of the trial court's failure to separate or sequester witnesses, the issue of the jury instructions at trial, trial counsel's failure to interview and/or call witnesses, to move for a directed verdict, or to move for a post-verdict acquittal. These other claims formed the basis of the rest of his initial § 2254 petition and he did not object to the Magistrate Judge's decisions on them when given the chance. The fact that Petitioner only objected to two issues, both relating to the introduction of the 9mm handgun, does not undermine the integrity of this Court, or that of the Magistrate Judge. Indeed, as the Sixth Circuit noted in denying Petitioner's COA application in August of this year, "the district court was correct to review only those claims that Wadlington raised in his objections to the report and recommendation, and Wadlington does not argue otherwise." [DN 34, at 3, citing *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2001).] Any other claims Petitioner may have had were lost when he failed to preserve those issues in his filing of objections to the Magistrate Judge's report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("failure to file timely objections with the…court waives subsequent review….").

The Court finds no merit in Petitioner's argument that the integrity of these proceedings was undermined on this issue of his objections. Rather, this appears to be an attempt by Petitioner to relitigate, on the merits, the remaining six claims initially denied in his § 2254 petition. And as noted by the Supreme Court, a differentiation must be made between motions that truly attack the integrity of the habeus proceedings and those motions which are masked § 2254 motions. *See Gonzalez*, 545 U.S. at 532 n. 5. This Court determines that the portion of Petitioner's instant Motion that purports to attack the integrity of the habeus proceedings falls

into the latter category. The mere recitation that a motion is one thing does not make it so. As such, the Court will deny this claim.

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** as follows:

1) Petitioner's Rule 60(b) Motion [DN 35] is **DENIED** insofar as it relates to claims (1)(a)-(c), laid out on page four of this memorandum opinion.

2) Petitioner's Rule 60(b) Motion is [DN 35] is **DENIED** insofar as it relates to his challenge to the "integrity" of the proceedings.

3) With respect to orders 1 and 2 above, **IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is **DENIED** as to those claims.

4) Petitioner's Rule 60(b) Motion [DN 35] is **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 insofar as it relates to claims (1)(d)-(g), laid out on page four of this memorandum opinion.

**IT IS SO ORDERED.**

cc:      Devron Dwayne Wadlington, *pro se* plaintiff
202071
Kentucky State Reformatory
3001 W. Highway 146
LaGrange, KY 40032

cc:      Counsel of record

cc:      Sixth Circuit Court of Appeals